FítEEMA'jsr, J.,
delivered the opinion of' the court.
A motion to dismiss the writ of error is made in this case. The facts are, that when the record was-filed Mary Squibb was dead, this fact not being known to the counsel. At last term of this court an agreement appears to have been made between counsel, admitting .the fact of her death; but, as far as we see, there has been no revivor here, even if it is a case in which it may be done — as to which' we at present give no opinion. The record having been filed after the death of Mary Squibb, and in ignorance of the fact, by her attorney, the bond signed with her name is a nullity, and we have the simple-case of a record filed in this court for a writ of error, with no plaintiff in error and no bond, which is moved to be dismissed. It is, however, insisted, that her administrator has since been ’appointed, who appears and claims the right to have the writ of error revived and prosecuted in his name. This is the question now presented on this motion. . Two cases are referred to by counsel as supporting the right to a revivor. The first is Chaffin et al. v. Crutcher, 2 Sneed, 360. That case simply holds the general principle, well established, that on a motion against an officer, the party appearing taking no exception to the proceedings, is held to have waived notice. So the-appearance of the party at last term, if a suit had been 'pending in the court at the time of such appearance, would clearly have been a waiver of the notice required to be given. In case of a writ of *567 error on filing the record, no writ in fact issues by our practice. But it is a different question presented in this case, not a question of notice to appear; but the party now appears, and moves to dismiss the case appearing against him on the Docket, on the ground that no suit is properly here, there being no person in being to commence it, and no bond given at the time the record was filed.
The other case' referred to is the case of Churchwell v. Bank of East Tennessee, 1 Heis., 780. In that case, Churchwell had prosecuted his appeal in the nature of a writ of error, which was pending in this court at his death. The only question decided was, that the “right to revive a suit or appeal, or appeal in the nature of a writ of error, subsists and continues through the whole of the second term of the court, after the suggestion and proof of the death of the party.” It is obvious this case has no bearing on the question presented in the case now before us.
In the case of Spurgin v. Spurgin, 3 Head, 25, it is laid down, that a writ of error is regarded in law as a new suit, and, like all other suits, may be commenced by the party at his own peril without notice to the adverse party; but, as in all other suits, the defendant must be notified of the pendency of the suit and have a day in court to make his defense. When the party appears, either on notice or voluntarily, he may make all appropriate defenses to the suit thus commenced; and we hold that the party has the right as in this case, on the fact appearing in the record that the suit was sought to be com *568 menced and prosecuted against him by a party not in existence, to move to dismiss the same, and that in such case this court would have no option but to allow the motion. In a word, as to the application of the administrator to revive the suit in his name, it must be answered, that his intestate had no suit in court to which he can be substituted. This must be so, unless we abandon all consistency in our reasoning, or else hold that the filing of the record by counsel and giving a bond in the name of a deceased party, is not the commencement of a suit, in the form ■of a writ of error, in this court.
It follows, that the motion must be allowed and writ of error dismissed.